# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Bobby Gordon Onyemeh Sea,

        Plaintiff,                  **MEMORANDUM OPINION AND ORDER**

v.                                                   Civil No. 15-138 ADM/FLN

U.S. Citizenship and Immigration Services,
District Director,

        Defendant.

_____

Bobby Gordon Onyemeh Sea, *pro se*.

Anna E. Nelson, Esq., Department of Justice Civil Division, Office of Immigration Litigation, Washington, DC, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant U.S. Citizenship and Immigration Services ("USCIS"), District Director's Motion to Dismiss [Docket No. 20] Plaintiff Bobby Gordon Onyemeh Sea's ("Sea") Amended Petition to Amend Certificate of Naturalization ("Am. Pet.") [Docket No. 18]. For the reasons set forth below, the motion to dismiss is granted.

## II. BACKGROUND[1]

Sea alleges he was born in Lagos, Nigeria on November 24, 1959. Am. Pet. 2. Although Sea was issued a birth certificate from the Lagos hospital where he was born, it was lost when his family fled Lagos to escape the Nigerian Civil War. Id.

---

[1] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

In August 1976, Sea's uncle assisted in completing Sea's applications for a United States F-1 Student Visa and a Nigerian passport. Id. Because Sea was a minor at the time, Sea's uncle provided a birth date of July 12, 1956 on the application so Sea would be able to travel alone and attend college in the United States. Id.

Sea applied for naturalization in 1988.[2] Id. at 3. At the interview, Sea mentioned that the birth date on his application was incorrect and that he wanted it corrected. Id. However, when Sea was granted citizenship on April 27, 1989, the birth date on his Certificate of Naturalization showed Sea's incorrect birth date of July 12, 1956. Id. In addition, Sea's last name and country of former nationality were also incorrect. Id. On November 5, 2012, Sea filed an Application for Replacement of Naturalization Certificate with USCIS seeking to correct his birth date, last name, and country of former nationality. Id. The Application was later granted with respect to Sea's name and country of former nationality, but Sea's date of birth remained July 12, 1956. Id. USCIS informed Sea his birth date change request was denied under the authoirty of 8 CFR § 338.5(e). The language of the pertinent section provides:

> [changes] will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of naturalization.

8 CFR § 338.5(e); Mot. Pet. Am. Certificate Naturalization [Docket No. 1] Ex. 4.

In support of his request for a change in his birth date, Sea proffers several documents: 1) an Attestation of Birth from the National Population Commission of Nigeria, dated August 15,

---

[2] While not included in his Amended Petition, Sea's Memorandum in Opposition [Docket No. 25] states that Sea adjusted his status to a lawful permanent resident in 1979 and again used the 1956 birth date listed on his Nigerian passport. Pl.'s Mem. Opp'n Def.'s Mot. Dismiss Attach. 4 page 2.

2

2012, which states Sea's birth date as November 24, 1959; 2) a letter Sea received in 2014, from Holy Cross Catholic School of Lagos, Nigeria, a secondary school Sea attended while in Nigeria, that also lists his birth date as November 24, 1959; and 3) affidavits from his mother and brother who both assert Sea was born on November 24, 1959. Id. Exs. 5–8.

Sea argues that Federal Rule of Civil Procedure 60(b)(6) provides jurisdiction for this Court to issue a new certificate of naturalization showing his birth date as November 24, 1959.[3] USCIS argues that Sea's request must be denied because Sea has not satisfied Rule 60(b)(6)'s required showing of extraordinary circumstances and diligence.

## III. DISCUSSION

### A. Standard of Review

USCIS moves under Rule 12(b)(1) of the Federal Rules of Civil Procedure for dismissal of Sea's Amended Petition. When deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the pleadings, a court must accept the claimant's factual allegations as true and view them in the light most favorable to the non-movant. Great Rivers Habitat Alliance v. FEMA, 615 F.3d 985, 988 (8th Cir. 2010). The party invoking federal jurisdiction bears the burden of establishing jurisdiction exists. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The court must ensure it has subject matter jurisdiction before proceeding. Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic,

---

[3] In his Amended Petition, Sea does not identify any reason motivating his desire to correct his naturalization certificate. However, in his Memorandum in Opposition, Sea alleges his June 2014 application for a United States passport was denied because of the incorrect date of birth on his certificate of naturalization. See Ex. 9 [Docket No. 6]. A letter from the United States Department of State directed Sea to submit a corrected certificate of naturalization by September 3, 2014 in order for his passport application to continue processing. Id. This case was not filed until January 21, 2015, or 140 days after September 3, 2014.

P.A., 551 F.3d 812, 816 (8th Cir.2009). And as the court's jurisdiction is fixed by statute, the parties may not enlarge it by waiver or consent. Id. Nor may the court assume hypothetical jurisdiction to proceed when its jurisdiction is in doubt. Id.

**B. Merits**

Prior to October 1, 1991, federal district courts issued naturalization orders. See 8 C.F.R. § 310.4(a). The Immigration Act of 1990 transferred the authority to naturalize citizens to the executive branch. See Immigration Act of 1990, Pub. L. No. 101-649, § 401(a), 104 Stat. 5038 (Nov. 29, 1990). Therefore, since Sea's naturalization certificate was issued prior to October 1991, this Court has jurisdiction to amend the certificate.

Under the prior version of the statue, 8 U.S.C. § 1451(I) (1990), the judicial power to amend naturalization certificates stated:

> (i) Power of court to correct, reopen, alter, modify or vacate judgment or decree
>
> Nothing contained in this section shall be regarded as limiting, denying, or restricting the power of any naturalization court, by or in which a person has been naturalized, to correct, reopen, alter, modify, or vacate its judgment or decree naturalizing such person, during the term of such court or within the time prescribed by the rules of procedure or statutes governing the jurisdiction of the court to take such action.

8 U.S.C. § 1451(I) (1990). Under this statutory section, a naturalization court has the "inherent authority to set aside judgments for any reason cognizable under Federal Rule of Civil Procedure 60." Magnuson v. Baker, 911 F.2d 330, 335 n.11 (9th Cir. 1990). Federal Rule of Civil Procedure 60(b) lists six reasons a party may be relieved from final judgment. See Jung Ai Shin v. U.S. Citizenship & Immigration Servs., No. 12-2839, 2013 WL 571781, *2 (C. D. Cal. Feb. 13, 2013) (discussing Rule 60). USCIS contends, and Sea agrees, that only Rule 60(b)(6) potentially applies in this case.

4

While Rule 60(b)(1)(2) and (3) permit courts to reopen judgments with a proper showing within one year of judgment, Rule 60(b)(6) permits a court to reopen judgment "even after one year has passed" for any other reason that justifies relief. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). A motion under subsection (6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances" that justify reopening a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Relief under subsection (6) is "an extraordinary remedy" limited to "exceptional circumstances." In re Zimmerman, 869 F.2d 1126, 1128 (8th Cir. 1989).

Sea has not identified any extraordinary circumstances in his situation justifying relief under subsection (6). Rather, Sea relies primarily on one case where subsection (6) was used to amend certificates of naturalization. In Jung Ai Shin, because of a clerical error, the plaintiff's birth date was incorrectly recorded in the Family Census Registry in South Korea. 2013 WL 571781, at *1. The plaintiff grew up thinking the incorrect date in the Census Registry was her actual birth date, and when she later moved to the United States and petitioned for naturalization, she submitted the incorrect birth date in her application. Id. It was not until nearly 10 years after she was naturalized, in 1989, that plaintiff first learned of her actual birth date from her mother, who had not bothered to correct the Census Registry realizing that many Koreans had incorrectly recorded birth dates from the turmoil of the Korean War. Id. Immediately after learning of her actual date of birth, plaintiff initiated proceedings to change her birth date in South Korea, and her request was granted by the South Korean Family Law Court in 1990. Id. Plaintiff did not attempt to correct her naturalization records in the United States until 2008. Id. After her request and appeal to USCIS was denied, she filed an action in United States District Court in 2012. Id.

5

In granting relief under subsection (6) of Rule 60, the district court concluded that plaintiff was unable to pursue remedy under subsections (1) or (2) because her correct birth date was not disclosed until nearly 10 years after her naturalization. Id. at *3. The district court also determined that plaintiff's delay in bringing her action was not unreasonable. Id.

Sea's Amended Petition rests upon a quite different factual foundation. First, unlike the plaintiff in Jung Ai Shin, Sea knew at the time he applied for a F-1 Student Visa that the birth date his uncle provided to the immigration authorities was not correct. Second, when Sea adjusted his status to a lawful permanent resident in 1979, he again knowingly used the incorrect birth date. Additionally, although Sea orally requested a correction during the naturalization interview, it was not until November 2012, over 23 years after he first provided the incorrect birth date, that Sea made any formal attempt to have his documentation amended to reflect his proper birth date.

"The particular facts of the case determine what amounts to 'a reasonable time'" under Rule 60(b)(6). Hopkins-Bey v. United States, No. 97-958, 2011 WL 332724, at * 1 (E.D. Mo. Jan. 31, 2011) (citing United States v. Five Thousand Dollars in U.S. Currency, 184 F.3d 958, 960 (8th Cir. 1999)). When determining a "reasonable time," a court considers "the movant's reason for delay and the existence of any prejudice to the opposing party when determining a 'reasonable time.'" Schultz v. Commerce First Fin., 24 F.3d 1023, 1025 (8th Cir. 1994). Sea waited 23 years with the knowledge that he had provided immigration authorities a false birth date before he attempted to amend his naturalization certificate. Although Sea's reasons for delay are similar to those in Jung Ai Shin—providing medial care to an ailing mother and

political instability in Nigeria that held up proceedings with the Nigerian Registrar of Births—Sea fails to offer any compelling justification for his 23 year delay.[4]

The Jung Ai Shin court concluded that, "under the unique circumstances of this case," "the public's interest in having accurate records on vital statistics, and the burden on Plaintiff from having inconsistent records" justifed granting relief under Rule 60(b)(6). 2013 WL 571781, at *3. The public does have an interest in having accurate records on vital statistics but any burden placed on Sea from having inaccurate records is self-inflicted. Furthermore, allowing Sea to amend his naturalization certificate after knowingly providing false information undercuts the importance of submitting true and accurate information to immigration authorities.[5]

For these reasons, "under the unique circumstances of this case," Sea has failed to show: (1) that his request was made within a reasonable amount of time, and (2) the existence of extraordinary circumstances justifying relief under Rule 60(b)(6). Therefore, Sea's Amended Petition is denied.

---

[4] Sea only raised these concerns in his memorandum in opposition and not, as is proper, in his Amended Petition. While these justifications are not properly before the Court—when deciding a facial attack under Rule 12(b)(1), "the court restricts itself to the face of the pleadings," Damon v. Groteboer, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013)—as discussed above, even if they were, they fail to provide sufficient justification for remedy under Rule 60(b)(6). Also notable is that Sea's mother's affidavit is silent to any medical concerns or any assistance Sea provided in her care between 1989 and 2012.

[5] The Court takes judicial notice that Sea's history of providing accurate information to governmental authorities is not enhanced by his 2013 conviction for filing false tax returns. United States v. Sea, No. 12-cr-266 (RHK).

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant U.S. Citizenship and Immigration Services ("USCIS"), District Director's Motion to Dismiss [Docket No. 20] is **GRANTED**.  Plaintiff Bobby Gordon Onyemeh Sea's Amended Petition to Amend Certificate of Naturalization [Docket No. 18] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 28, 2015.